545 A.2d 423

John Morris Bower and Elizabeth Bower, his wife *v.* Jean Hoefner et al. Cameron S. Wilson and Edith B. Wilson, Appellants.

John Morris Bower and Elizabeth S. Bower *v.* Jean Hoefner et al. Jean Hoefner, Appellant.

294

Argued June 17, 1988, before Judge COLINS, and Senior Judges BARBIERI and KALISH, sitting as a panel of three.

*Don F. Marshall, Stuckert and Yates,* for appellants, Cameron S. Wilson and Edith B. Wilson.

*Donald B. McCoy, McCoy & Auchinleck, P.C.,* for appellant, Jean Hoefner.

*Joanne D. Sommer, Eastburn and Gray,* for appellees, John Morris Bower and Elizabeth S. Bower, his wife.

*Janet Weaver Mason,* with her, *Joseph Goldberg, Margolis, Edelstein, Scherlis, Sarowitz & Kraemer,* for appellee, Township of Northampton.

OPINION BY SENIOR JUDGE BARBIERI, August 1, 1988:

Jean Hoefner (Appellant) appeals the order of the Court of Common Pleas of Bucks County, the trial judge sitting as a Chancellor in equity, ordering Appellant to cease and desist diverting the natural surface water runoff from her property onto the property of her neighbors John and Elizabeth Bower (Appellees). Additional defendants Cameron and Edith Wilson (Wilsons) have also appealed the trial court's refusal to grant them attorney fees against Appellant for joining them as additional defendants in bad faith pursuant to Pa. R.C.P. 2503(9). These two appeals have been consolidated for argument and transferred to this Court pursuant to Pa. R.A.P. 752(a) since Appellant also joined the Township of Northampton (Township) as an additional defendant. Also before the Court is Appellant's application for a stay of the trial court's order. We affirm the order of the trial court with respect to both appeals and deny Appellant's application for stay.

On October 30, 1980, Appellant became the owner of a property located at 43 Twining Fork Road in Northampton Township, Bucks County. Appellees owned the adjoining property. Behind the two properties is an undeveloped tract of land owned by the Wilsons. During storms, rainwater runoff would be carried from the

higher property owned by the Wilsons diagonally across the back portion of Appellees' property onto Appellant's property and then run through a swale or natural depression located on Appellant's property parallel to the property line between Appellant's and Appellees' property, finally discharging into a meadow in front of Appellant's property. Appellant's property was thus the servient property for surface water runoff for both the Appellees' and the Wilsons' land.

In 1981, Appellant received a building permit from the Township and began constructing an addition to her existing home. The addition was built in the path of the swale running along Appellant's property line. During storms, the runoff flooded the addition. In order to protect the addition, Appellant constructed a low level timber berm along the side of the addition running parallel to and approximately six feet from the property line. The effect of this berm was to restrict and concentrate the flow of storm water in the swale, but in the process the storm water was also backed up and diverted onto Appellees' property where it damaged and eroded a tree line Appellees' had planted thirty five years before.

On July 5, 1983, Appellees commenced this action to compel Appellant to remove her barrier and cease diverting surface water runoff onto their property. Appellant joined the Wilsons as additional defendants on the theory that proposed development of their land, for which they had already received subdivision approval by the Township, would alter and increase the natural flow of surface water onto her property. Although this subdivision was never built, some preliminary work involving land clearance was undertaken. Appellant also joined the Township and Department of Transportation (DOT) as additional defendants on the theory that the Township was negligent in granting Appellant's building permit for the addition, and the Township and DOT

were negligent in granting subdivision approval for the Wilsons' tract.

The trial court found that Appellant had altered the natural flow of surface water by diverting it by artificial means and discharging it onto her neighbor's land. Appellant was ordered to remove the artificial barrier she had constructed, restore the surface along the property line to its natural condition, and cease and desist from obstructing the natural flow of surface water from Appellees' property. The additional defendants were found totally blameless.

We first deal with the issues involving the Wilsons, DOT and the Township. Appellant has not briefed any issues relating to the Township, DOT or the Wilsons. Consequently, Appellant has waived her right to seek review of the issues involving these additional defendants and Appellant's appeal with respect to them will not be considered. *Commercial Credit Corp. v. Cacciatore*, 343 Pa. Superior Ct. 430, 495 A.2d 540 (1985). With respect to the Wilsons' claim for attorney fees, the decision to award attorney fees for bad faith or vexatious conduct is addressed to the sound discretion of the court. *Shearer v. Moore*, 277 Pa. Superior Ct. 70, 419 A.2d 665 (1980). There was evidence that the proposed subdivision plan and the preliminary land clearance work could have increased surface water runoff onto Appellant's property. We will not disturb the trial court's exercise of its discretion in refusing to award attorney fees.

Turning to the main issue, Appellant agrees that the trial court correctly stated the law when it held that the owner of a servient tenement may not negligently alter the natural flow of surface water on his property by artificially redirecting or diverting it onto a dominant tenement's property without being liable for the damage caused. *LaForm v. Bethlehem Township*, 346 Pa. Supe-

rior Ct. 512, 499 A.2d 1373 (1985); *Ridgeway Court, Inc. v. Landon Courts, Inc.*, 295 Pa. Superior Ct. 493, 442 A.2d 246 (1981). Instead, Appellant attacks the factual findings of the trial court, questioning whether the trial court's decision is supported by substantial evidence.

Conflicting testimony was presented with respect to the amount of water diverted and damage done to Appellees' property. Appellant's witnesses characterized the amount of water diverted as minor and stated that the erosion damage caused to Appellees' property could be rectified by "a couple bushels of dirt." (N.T. 8/29/85, p. 8) Appellant takes exception to the trial court's findings that her addition was built in the path of the natural swale, that she should have been aware of the swale from topographical maps of the area, and that such a swale existed at all.

Appellees presented 65 photographs taken over a two year period documenting the erosion and tree damage on their property (Plaintiff's Exhibits 1-59, 70-76). A number of these photographs depict Appellees' tree line inundated in what appears to be a shallow lake formed by diverted surface water runoff. Appellees introduced into evidence United States Geographical Surveys, aerial photographs and topographical surveys on which the swale appeared as early as 1950 (N.T. 8/26/85, pp. 84-88, N.T. 8/29/85, pp. 80-82). Appellees testified that they even pointed the swale out to Appellant's engineer before construction of the addition (N.T. 8/26/85, p. 9, N.T. 8/30/85, p. 53). The trial court is entitled to accept and rely on the testimony of Appellees' witnesses over that of Appellant's witnesses. *Sullivan v. Bucks County,* 92 Pa. Commonwealth Ct. 213, 499 A.2d 678 (1985). Any conflicts in the testimony must be viewed in the light most favorable to the prevailing party. *Short v. Metropolitan Life Insurance Co.*, 339 Pa. Superior Ct.

124, 488 A.2d 341 (1985). We find that the trial court's holding is supported by competent and substantial evidence. Appellant also attacks the qualifications of Appellees' expert witness, but such qualifications are a matter for the trial court to determine. *Gottfried v. American Can Co.*, 339 Pa. Superior Ct. 403, 489 A.2d 222 (1985).

Additionally, Appellant argues that her actions in protecting the addition were reasonable and that the trial court's decision to make her tear down the berm will expose her addition to flooding in order to save some trees. Appellant points out as evidence of her reasonableness that the trial court prevented her from introducing evidence as to the fecal coliform levels in the surface water. Appellant requests a remand so that the trial court may hold a special hearing to fashion a more equitable remedy.

There is substantial evidence in the record to find that Appellant ignored the existence of the natural swale on her property when she constructed her addition. She then exacerbated the problem when she constructed the berm along the swale to restrict the surface water runoff in order to protect the addition. Appellant thus created a self-inflicted hardship.

We find without merit Appellant's request for a remand and stay in order to seek by amicable settlement or court order some remedy for the hardship she will suffer under the terms of the Chancellor's decree. She has maintained this litigation for five years during which the opportunity for such a settlement was apparently disregarded in favor of litigation. We must decline this request to further prolong this litigation.

The trial court found that Appellant was negligently and artificially altering the flow of surface water by discharging it onto Appellees' property and ordered the parties returned to the *status quo*. Since we have found

substantial evidence of record to support this holding, the order of the trial court will be affirmed.

### ORDER

NOW, August 1, 1988, the order of the Court of Common Pleas of Bucks County at No. 83-04781-11-5, dated April 28, 1987, is hereby affirmed. The application for stay is denied.