602 A.2d 499

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

v.

**Samuel SMITH, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Sept. 10, 1990.

Decided Jan. 23, 1992.

Timothy P. Wile, Asst. Counsel in Charge of Appellate Section, for appellant.

Andrew F. Schneider, for appellee.

Before PELLEGRINI, and BYER, JJ., and BARBIERI, Senior Judge.

BYER, Judge.

The Pennsylvania Department of Transportation (DOT) appeals from an order of the Court of Common Pleas of Bucks County which ordered DOT to reimburse appellee Samuel Smith $650.00 in counsel fees and costs he incurred in appealing what DOT conceded to be the erroneous revocation of Smith's driver's license. Although we understand completely what motivated the trial court to impose this sanction and for that reason might be tempted to affirm, we must conclude that the award of counsel fees, like DOT's original action in revoking Smith's license, is contrary to the governing statutes. Therefore, we reverse that portion of the order which awarded fees [1] and we vacate with respect to the costs.

DOT notified Smith on March 24, 1989 that his license was being revoked for one year pursuant to 75 Pa.C.S. § 1532 because he had been convicted of violating 75 Pa. C.S. § 3301 ("Driving on right side of roadway"). This was an obvious error, because a conviction under 75 Pa.C.S. § 3301 does not result in any revocation or suspension.[2] Smith contacted his lawyer who advised him to call the toll free "800" number for DOT listed on the notification.

---

1. DOT does not challenge the reversal of the revocation in this appeal.
2. Such a conviction does not even result in assessment of points under 75 Pa.C.S. § 1535.

According to Smith's uncontradicted testimony before the trial court, the person who answered when he dialed this "800" number informed him that the revocation notice was a mistake. However, this person further advised Smith that he would have to hire an attorney to appeal the revocation to court, and suggested he contact DOT at its location in Harrisburg by another toll free number. Smith dialed the second "800" number, and the DOT employee who answered told Smith that his "best bet was to go back to court, that is the only way to get it off your record." (Notes of testimony, June 20, 1989, at 5(9a)).

Smith gave this information to his lawyer, who then filed an appeal to the Court of Common Pleas of Bucks County. At hearing on the appeal, counsel for DOT conceded that the appeal should be sustained. DOT's counsel also stated that he had been unaware of this obvious error until the day before the hearing, and that he then attempted to call Smith's lawyer but was unable to reach him. Smith paid his lawyer a $600.00 fee and incurred court costs of $50.00 for the appeal. (8a–9a).

The trial court held that because of the "stupid advice" [3] DOT gave Smith when he called the "800" numbers, the

---

**3.** Actually the advice DOT employees gave Smith was good advice, because it ensured that the license revocation would be automatically stayed pending disposition of his statutory appeal. 75 Pa.C.S. § 1550(b). It may have been "stupid" that DOT has no internal procedure for correcting its obvious mistakes, but it was not "stupid" of DOT's employees to advise Smith to file an appeal in order to protect his license. Indeed, if Smith had not appealed, we easily can envision DOT arguing that he would be bound by a concededly erroneous revocation once the time for appeal had expired. *See, e.g., Department of Transportation v. Matlack,* 144 Pa.Commonwealth Ct. 12, 600 A.2d 998 (1991) (even though DOT blocked out the portion of licensee's revocation notice explaining his appellate rights by placing a sticker over that portion stating "we have received notice that you have not been successful in your appeal. Therefore the action of the department is reinstated," nevertheless DOT insisted that licensee's appeal from that reinstated revocation was untimely because it was not filed within 30 days of *that* notice; this court held that licensee had failed to meet his burden of establishing that DOT's obliteration of the explanation of his appeal rights demonstrated fraud or breakdown in DOT's operations sufficient to justify *nunc pro tunc* relief, and held licensee's statutory appeal was untimely). We note that the

"price for giving that [stupid advice] is $650.00.... assessed against the Commonwealth." (14a). The trial judge did not explain at the time the legal basis for his ruling. In his subsequent opinion, the trial judge did not cite any supporting statute, but indicated he had imposed the sanction for bad faith conduct, in that Smith had been "compelled to obtain counsel to defend against a meritless license suspension [sic], which the Commonwealth knew to be meritless.... That advise [sic] cost [Smith] $650.00 in counsel fees." (22a). Because of the references to "bad faith" and citation of *State Farm Mutual Automobile Ins. Co. v. Allen,* 375 Pa.Superior Ct. 319, 544 A.2d 491 (1988), in its opinion, the opinion implies, or we at least infer, that the trial court based its award of fees on 42 Pa.C.S. § 2503(7) and (9).

The general (or "American") rule is that there can be no recovery of counsel fees from an adverse party in the absence of express statutory allowance of attorney's fees or a clear contractual agreement of the parties, or some other established exception permitting attorney's fees in a given situation. *Corace v. Balint,* 418 Pa. 262, 210 A.2d 882 (1965); *Shanks v. Alderson,* 399 Pa.Superior Ct. 485, 582 A.2d 883 (1990); *White v. Redevelopment Authority, City of McKeesport,* 69 Pa.Commonwealth Ct. 307, 451 A.2d 17 (1982).

The burden of proving entitlement to attorney's fees is on the party claiming such entitlement. *Jones v. Muir,* 511 Pa. 535, 515 A.2d 855 (1986). A trial court's determination regarding the award of counsel fees will not be reversed on appeal if the findings are supported on the record, in the absence of an abuse of discretion. *Citizens For Responsible Development v. Carlisle Zoning Hearing Board,* 127 Pa.Commonwealth Ct. 640, 562 A.2d 938 (1989);

revocation notice in this case contained the information that "You have the right to appeal to the Court of Common Pleas ... within thirty (30) days of the mail date of this notice. If you appeal, your license will be reinstated pending a final decision by the Court." (3a).

Bower v. Hoefner, *118 Pa.Commonwealth Ct. 293, 545 A.2d 423 (1988)*.

The Judicial Code provides express statutory authority for the award of counsel fees in ten enumerated instances, 42 Pa.C.S. § 2503(1)–(10), only two of which are arguably applicable to this case. Section 2503 provides, in relevant part:

> The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:
>
> \* \* \* \* \* \*
>
> (7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct *during the pendency of a matter.*
>
> \* \* \* \* \* \*
>
> (9) Any participant who is awarded counsel fees because the conduct of another party *in commencing the matter or otherwise* was arbitrary, vexatious or in bad faith.

(emphasis added).

Under section 2503(7) and (9), entitlement to counsel fees is not triggered by the misconduct of a party unless it occurs "during the pendency of a matter" or in "commencing the matter." We acknowledge that 42 Pa.C.S. § 2503(9) does use the phrase "in commencing the matter *or otherwise.*" (emphasis added). However, we previously have construed the words "or otherwise" as referring to a party's misconduct in raising *defenses* to a pending "matter." *White,* 69 Pa.Commonwealth Ct. at 314, 451 A.2d at 20. Therefore, it is not open to us to construe "or otherwise" as referring to a party's conduct at a time before the actual commencement of a case in court. *See also Cher–Rob, Inc. v. Art Monument Co.,* 406 Pa.Superior Ct. 330, 333–335, 594 A.2d 362, 364–65 (1991) (approving and following *White's* interpretation of 42 Pa.C.S. § 2503(7)).

"Matter" is defined by the Judicial Code as: "Action, proceeding or appeal." 42 Pa.C.S. § 102. "Proceeding" is defined by the Judicial Code as: "Includ[ing] *every declaration, petition or other application which may be made to a court* under law or usage or under special statutory authority, but the term does not include an action or an appeal." *Id.* (emphasis added). "Appeal" is defined by the Judicial Code as: "Any *petition or other application to a court* for review of subordinate governmental determinations...." *Id.* (emphasis added).

"Action" is defined by the Judicial Code as: "Any action at law or in equity." *Id.* Although it is not explicit from this definition that an action at law or in equity is limited to an action *in a court,* that limitation becomes apparent upon considering the plain meaning and common usage of the word. *See* 1 Pa.C.S. § 1903(a) ("Words and phrases shall be construed according to rules of grammar and according to their common and approved usage"). "Action" has been defined as:

> ["Action"] in its usual legal sense means a suit brought in a court; a formal complaint within the jurisdiction of a court of law.... The legal and formal demand of one's right from another person or party made and insisted on in a court of justice. An ordinary proceeding in a court of justice by which one party prosecutes another.... It includes all the formal proceedings in a court of justice attendant upon the demand of a right made by one person of another in such court, including an adjudication upon the right and its enforcement or denial by the court.

Black's Law Dictionary (5th ed. 1979), 26.

"Action" elsewhere has been defined as:

> 1: a deliberative or authorized proceeding: a (1): a legal proceeding by which one demands or enforces one's right in a court of justice (2): a judicial proceeding for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public

offense—usu. distinguished from a *special proceeding*....

Webster's Third New International Dictionary (1986), 21.

■ Therefore, as commonly used and in light of the Judicial Code's definitions of "proceeding" and "appeal" in terms of applications or appeals *to a court,* "action" must refer to a "matter" before a court of the unified judicial system of this Commonwealth. *See Kelly v. Thompson,* 326 Pa.Superior Ct. 364, 474 A.2d 44 (1984) ("pendency of a matter refers to the pendency of the matter in a *court....*"); *Duquesne Light Co. v. Pennsylvania Public Utility Commission,* 117 Pa.Commonwealth Ct. 28, 543 A.2d 196, *appeal granted,* 521 Pa. 632, 558 A.2d 533 (1988) (section 2503 applies only to proceedings before "components of the unified judicial system"); *Pennsylvania Board of Probation and Parole v. Baker,* 82 Pa.Commonwealth Ct. 86, 474 A.2d 415 (1984) (section 2503 applies only to proceedings before "components of the unified judicial system").

The *in pari materia* principle of statutory construction under 1 Pa.C.S. § 1932 is of particular significance in this case. Section 1932 provides: "(a) Statutes or parts of statutes are in pari materia when they relate to the same persons or things or to the same class of persons or things. (b) Statutes in pari materia shall be construed together, if possible, as one statute." As DOT points out in its brief, the legislature has provided for the award of counsel fees in proceedings in adversary adjudications before administrative agencies of this Commonwealth in the so-called "Costs Act," Act 1982–257, 71 P.S. §§ 2031–2035. The Judicial Code, specifically section 2503, does not authorize the agencies of this Commonwealth to make awards of attorneys' fees in agency proceedings, *Duquesne Light; Baker.* However, the Costs Act does provide such authority.

The Costs Act authorizes Commonwealth agencies to award counsel fees and costs where the Commonwealth agency initiates an adversary adjudication and the prevailing party (other than the Commonwealth) incurs fees and

other expenses in connection with that proceeding, unless the adjudicative officer finds "that the position of the agency, as a party to the proceeding, was substantially justified or that special circumstances make an award unjust." 71 P.S. § 2033(a). The Costs Act also authorizes a court to award fees and expenses to a prevailing party (other than the Commonwealth) in the event a party appeals the underlying decision of the agency to a court having jurisdiction over appeals from that agency, unless the court finds that the position of the Commonwealth agency during the adversary adjudication was substantially justified, or that special circumstances make such an award unjust. 71 P.S. § 2033(f). The Costs Act is *in pari materia* with section 2503 of the Judicial Code and their provisions must be construed in a consistent manner, if possible. 1 Pa.C.S. § 1932.

 Although the Costs Act could be read as allowing an award of attorney's fees against an agency where it has initiated an action in the agency, such as by DOT's notice of revocation in this case, the definition of "adversary adjudication" in the Costs Act specifically *excludes* the "Granting, reviewing, revoking or suspending a license or registration ..." 71 P.S. § 2032(2). Therefore, the General Assembly expressly intended not to permit an award of counsel fees for the erroneous revocation unless the revocation is appealed to a court and the agency thereafter engages in misconduct covered by 42 Pa.C.S. § 2503.

Thus, the Costs Act lends support to our interpretation of "matter" within the meaning of 42 Pa.C.S. § 2503(7) and (9) as applying only to those matters pending or commencing in a court of the unified judicial system of this Commonwealth. *See Lehotzky v. Commonwealth State Civil Service Commission*, 82 Pa.Commonwealth Ct. 612, 615, 477 A.2d 13, 14–15 (1984) ("by passing the Costs Act, the Legislature has indicated that it did not intend the Judicial Code ... to be construed as permitting an agency to award costs and attorneys' fees.... For this court to hold that such was the intent and to so interpret the statutes would

be to render the Costs Act surplusage and our interpretation would thus be contrary to the edicts of Section 1922 of the Statutory Construction Act.... In promulgating the Costs Act, the legislature has *now* acknowledged the issue of fees and expenses in litigation involving Commonwealth agencies and evinced an intent to address it. This Court should not engage in what would be, in effect, judicial legislation overriding the efforts of the legislature.").

The misconduct of DOT in this case (the blatantly mistaken notice of revocation of Smith's driver's license, and the failure of DOT employees to informally correct DOT's mistake) did not occur during the pendency of a matter *in a court* or in commencement of a matter *in a court,* as "matter" is defined in 42 Pa.C.S. § 102. Therefore, the "matter" did not commence for purposes of 42 Pa.C.S. § 2503(9) until Smith filed his appeal in the court of common pleas. Likewise, no matter was pending before a court within the meaning of 42 Pa.C.S. § 2503(7) until after the appeal had been filed.

We hold that because the trial court had no statutory authority to award counsel fees for DOT's alleged misconduct occurring before commencement of this matter by Smith's filing his appeal, the court abused its discretion in awarding counsel fees. Although we are sympathetic to Mr. Smith, an innocent man who because of DOT's negligence was compelled to hire a lawyer to file an appeal to vindicate his statutory rights, there simply is no statutory authority which permits an award of counsel fees, no matter how tempting it may be to allow them here.[4]

---

4. Because we have found that 42 Pa.C.S. § 2503(7) and (9) does not apply to the alleged misconduct of DOT under the circumstances, we have no occasion to address and we express no opinion on the issue of whether the record supports the trial court's "finding" of bad faith, or whether the record would otherwise support a finding of alternative types of misconduct which can, in appropriate cases, justify an award of counsel fees under section 2503(7) and (9) (i.e., arbitrary, vexatious, obdurate, dilatory). *See generally Santoro v. City of Philadelphia,* 59 Pa.Commonwealth Ct. 114, 429 A.2d 113 (1981); *In re Estate of Roos,* 305 Pa.Superior Ct. 86, 93 n. 2, 451 A.2d 255, 259 n. 2 (1982).

We also deem it advisable to address DOT's contention that 42 Pa.C.S. § 2503 does not apply to appeals to common pleas court from a license revocation because such statutory appeals are not governed by the Rules of Civil Procedure and therefore are not considered "civil actions" for purposes of various procedural rules. *See Shaw v. Department of Transportation,* 122 Pa.Commonwealth Ct. 636, 553 A.2d 108 (1989). We find this argument to be frivolous.[5]

Whether or not an appeal from a license revocation is a "civil action" for purposes of the Rules of Civil Procedure, the plain meaning of 42 Pa.C.S. § 2503(7) and (9) is that attorney's fees may be appropriate for misconduct occurring in commencement of or during the pendency of statutory appeals. This follows from the definition of "matter" as including "proceedings" and "appeals." "Proceeding" includes every petition or application "which may be made to a court ... under special statutory authority", and "appeal" includes any petition or application "to a court for review of subordinate governmental determinations." 42 Pa.C.S. § 102. The plain meaning of these terms includes a statutory appeal within the definition of "matter." *See Department of Public Assistance v. Ward,* 108 Pa.Commonwealth Ct. 572, 530 A.2d 145 (1987) (upholding award of counsel fees pursuant to section 2503 against an agency of the Commonwealth, and rejecting Department of Public Assistance's argument that sovereign immunity precluded such awards, noting that the legislature has vested courts with the statutory power to tax costs including counsel fees against all litigants, including the Commonwealth and its agencies). There is nothing in 42 Pa.C.S. § 2503 which limits its scope to civil actions governed by the Rules of Civil Procedure.

Moreover, it is disingenuous for DOT to assert here that 42 Pa.C.S. § 2503 does not permit attorneys' fees to be awarded *against DOT* in a statutory appeal, in light of

5. Smith has not requested this court to impose counsel fees or any other sanction relating to this frivolous argument by DOT.

DOT's inconsistent position asserted in *Department of Transportation v. Zurka*, 135 Pa.Commonwealth Ct. 238, 580 A.2d 466 (1990). In *Zurka*, DOT asserted that a motorist's petition to a trial court for credit against a suspension order constituted bad faith misconduct within the scope of 42 Pa.C.S. § 2503(9), and urged this court to issue a prospective warning that counsel fees would be awarded against motorists who filed similar petitions in the future. We recognized in *Zurka* that in appropriate cases a court of common pleas may award counsel fees for statutory appeal proceedings before it under section 2503(6), (7) or (9), but we declined for other reasons to issue the warning DOT requested.

For the foregoing reasons, we reverse the order of the Court of Common Pleas of Bucks County to the extent it awarded counsel fees. However, as noted previously, the court of common pleas included in its award $50.00 in expenses, which appear to have been in the nature of court costs. These and possibly other costs might be taxable against DOT under the general principle that a prevailing party is entitled to recover its costs. *See Gregory v. Harleysville Mutual Ins. Co.*, 374 Pa.Superior Ct. 33, 542 A.2d 133 (1988). Under 42 Pa.C.S. § 1726, the Supreme Court has the authority to make rules governing the imposition and taxation of costs. That court has not promulgated rules covering statutory appeals to the courts of common pleas, so the courts of common pleas retain the right to adopt local rules governing taxation of costs in statutory appeals. *Department of Transportation v. Rapp*, 139 Pa.Commonwealth Ct. 144, 150, 589 A.2d 805, 807 (1991) (quoting *Appeal of Borough of Churchill*, 525 Pa. 80, 89, 575 A.2d 550, 554 (1990)). If Bucks County has promulgated local rules governing the imposition and taxation of costs in a case such as this, the court of common pleas has the authority to award costs pursuant to such rules.

Because common pleas included an award of costs in a sanction based upon a statute which we hold inapplicable to this case, we vacate the order to the extent it included costs

in the award. However, nothing in our decision should be construed to preclude Smith from seeking to recover these and other costs which might be taxable against DOT by following the procedures for taxation of costs in any applicable local rules of the Court of Common Pleas of Bucks County after the record is returned to that court.

Finally, we believe that this is an appropriate case for the exercise of our discretion under Pa.R.A.P. 2741(4) to deny DOT costs in connection with this appeal even though DOT has prevailed in obtaining a reversal of the order under appeal to the extent it awarded counsel fees. We do so in part because of DOT's culpability in improperly revoking Smith's license and in part because of the argument by DOT which we determined to be frivolous.

This decision was reached and opinion adopted before the conclusion of Judge Byer's service.

## ORDER

In accordance with the accompanying opinion, we reverse the order of the Court of Common Pleas of Bucks County to the extent it awards counsel fees to appellee. We vacate the order to the extent it awarded costs as a sanction, without prejudice to appellee's ability to recover taxable costs pursuant to any applicable local rule after return of the record to the court of common pleas. We affirm the order in all other respects.

We further order that appellant shall not be entitled to any costs on appeal, whether taxable in this court or in the court of common pleas.

PELLEGRINI, Judge, concurring.

At oral argument, PennDot's counsel stated that the "800 operator" routinely gives advice that was given to Licensee in this case because it is easier *for PennDot* to have an error corrected through court proceedings rather than through its own cumbersome internal operating procedures.

Although the imposition of counsel fees are most certainly warranted, both because of the legal expenses unnecessarily incurred by the Licensee, as well as clogging common pleas' dockets with matters that PennDot should handle internally, I join with the majority only because, unfortunately, no authority exists to award the fees requested.