634 A.2d 673

John C. NORRIS, Recorder of Deeds
of York County, Petitioner,

v.

COMMONWEALTH of Pennsylvania, Respondent,

John C. NORRIS, Ex–Officio, Petitioner,

v.

COMMONWEALTH of Pennsylvania, Respondent.

Commonwealth Court of Pennsylvania.

Argued Aug. 10, 1993.

Decided Oct. 8, 1993.

Publication Ordered Dec. 3, 1993.

24

John W. Thompson, Jr., for petitioner.

Robert H. Skubecz, for respondent.

## OPINION AND ORDER

DOYLE, Judge.

John C. Norris has filed a special application for counsel fees and costs expended in his successful challenge of two decisions of the Board of Finance and Revenue (Board).[1] The Board had refused to abate penalties assessed against him by the Department of Revenue (Department) because Norris, as the Recorder of Deeds for York County, had failed to transmit certain transfer and writ taxes to the Department. The Board had refused to abate these penalties, even though they had routinely done so for other recorders of deeds. The Department was trying to pressure Norris to join the Commonwealth's automated cash management program although it was not mandated by statute. On review by this Court, we held that the Board had treated Norris in a disparate and arbitrary manner by selectively enforcing the penalty provisions, and that Norris had "carried his burden of showing intentional discrimination." *Norris,* 155 Pa.Commonwealth Ct. at 431, 625 A.2d at 183. By an Order of this Court dated May 4, 1993, the decision of the Board was vacated and all penalties assessed against Norris were abated in full. Since his appeal to this Court was successful, Norris now asks this Court to award him counsel fees and costs.

As a preliminary matter we observe that this Court may not award counsel fees unless statutorily authorized to do so. *Department of Transportation, Bureau of Driver Licens-*

---

1. For a complete recitation of the facts of the underlying action see *Norris v. Commonwealth,* 155 Pa.Commonwealth Ct. 423, 625 A.2d 179 (1993).

*ing v. Smith,* 145 Pa.Commonwealth Ct. 164, 602 A.2d 499, *petition for allowance of appeal denied,* 531 Pa. 657, 613 A.2d 561 (1992).[2] The party claiming such fees has the burden of proving entitlement to them. *Id.* After careful scrutiny of the statutes and case law cited by Norris, we must conclude that there is no statutory or other authority for the award of fees to him by this Court.

Norris contends that he is entitled to counsel fees pursuant to Section 2503 of the Judicial Code.[3] Section 2503(7) allows the award for counsel fees "against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter." 42 Pa.C.S. § 2503(7). Norris contends that the discrimination that he was subjected to by the *Board* creates an appropriate situation for the imposition of fees.[4] He also argues that the *Department's* conduct in delaying the release of information to him and the delay in approving the stipulation of facts for submission to this Court constitute dilatory conduct under § 2503(7).

This Court has defined "matter" in Section 2503(7) to mean a matter before a *court* of the unified judicial system of the Commonwealth. *Smith,* 145 Pa.Commonwealth Ct. at

2.  Parties themselves, however, may agree contractually for the award of counsel fees. *Smith.*

3.  The Judicial Code, 42 Pa.C.S. § 2503 provides, in relevant part, that: [T]he following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:
    . . . .
    (7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter.
    . . . .
    (9) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith.

4.  Norris also contends that the commencement of a second action against him while the first proceeding was pending was barred by statute of limitations and therefore constitutes improper conduct justifying the award of fees under the Judicial Code. However, we never found it necessary to address the issue of the statute of limitations in the underlying proceeding, and we decline to address it here. *Norris,* 155 Pa.Commonwealth Ct. at 428 n. 6, 625 A.2d at 181 n. 6.

171, 602 A.2d at 502. The conduct complained of in the underlying matter, the discriminatory failure to abate penalties, did not occur before this Court or any other court, but rather occurred before a Commonwealth agency, the Board of Finance and Revenue. *See, e.g., Smith.*[5] Second, although Norris' pleadings list the Commonwealth of Pennsylvania as the respondent pursuant to Pa. R.A.P. 1571, he is not suing the Commonwealth *qua* Commonwealth, but rather an agency of the Commonwealth, namely the Department of Revenue. This Court has clearly recognized the distinction between the Commonwealth and its administrative agencies as Commonwealth parties. *Frishman v. Department of State, Bureau of Professional and Occupational Affairs,* 140 Pa.Commonwealth Ct. 455, 458–59, 592 A.2d 1389, 1390 (1991), *petition for allowance of appeal denied,* 530 Pa. 635, 606 A.2d 904 (1992). Therefore, suing the Department does not constitute a suit against the Board, as they are distinct Commonwealth parties. Further, it is well settled that this Court has no power to assess counsel fees for actions which occurred in a lower tribunal. *See Gossman v. Lower Chanceford Township Board of Supervisors,* 503 Pa. 392, 469 A.2d 996 (1983); *Smith.* The conduct of the Department *during the pendency of the proceedings before this Court* was not so dilatory as to justify an award of fees under § 2503(7). The process under our Finance and Revenue jurisdiction is by nature long and arduous. While the Department could have been more cooperative there is nothing in the record to indicate that its delay in turning over records and in approving the stipulation of facts was intentional for the purpose of delaying the litigation. Moreover, since Norris was successful in the action before this Court, he was not unduly harmed.

Section 2503(9) of the Judicial Code which provides for an award of fees "because the conduct of another party in

---

5. Norris argues that we should decline to follow the reasoning of *Smith* and instead adopt the analysis of President Judge Craig in his dissenting opinion in *Board of Probation and Parole v. Baker,* 82 Pa.Commonwealth Ct. 86, 474 A.2d 415 (1984). Even if I were inclined to do so, a single judge of this Court has no authority to overrule a panel decision of this Court, and Judge Craig's dissent in *Baker,* is just that, a dissent from the majority.

*commencing* the matter or otherwise was arbitrary, vexatious or in bad faith. . . ." is also not applicable. (Emphasis added.) The matter *in this Court* was not commenced by the Department of Revenue, but by Norris, by his appeal. The phrase "or otherwise" in the statute refers to misconduct in the raising of defenses, and cannot be construed to refer to the Department's action before the commencement of the case in court. *Smith.* Thus Norris cannot prevail under the Judicial Code.[6]

Norris also bases his argument for an award of fees on the provisions of the Pennsylvania Cost Act (Act).[7] Inspired by the Federal Equal Access to Justice Act,[8] the purpose of the Cost Act is to decrease the financial disincentives to parties seeking review of government action. 71 P.S. § 2031(c)(1). The Act provides that a "prevailing party"[9] may be awarded counsel fees unless the position of the agency is found to be "substantially justified."[10] 71 P.S. § 2033(a). The procedure for determining the justification of the agency's position in commencing an adversary adjudication, and the reasonableness of assessing counsel fees, envisions a hearing and findings in addition to the record made in the underlying

6. At oral argument Norris argued that he was also entitled to counsel fees pursuant to Pa. R.A.P. 2744. However, in his subsequent memorandum of law in support of his application for fees he has abandoned this argument and we therefore will not address it.

7. Act of December 13, 1982, P.L. 1127, *as amended,* 71 P.S. §§ 2031–2035.

8. 28 U.S.C.A. § 2412 (West Supp.1993) and 5 U.S.C.A. § 504 (West Supp.1993).

9. "Prevailing party" is defined by Section 2032 of the Act as:
A party in whose favor an adjudication is rendered on the merits of the case or who prevails due to withdrawal or termination of charges by the Commonwealth Agency or who obtains a favorable settlement approved by the Commonwealth Agency initiating the case.
71 P.S. § 2032.

10. "Substantially justified" is defined by Section 2032 of the Act as:
[W]hen such position has a reasonable basis in law and fact. The failure of an agency to prevail in a proceeding, or the agreement of an agency to settle a controversy, shall not raise a presumption that the position of the agency was not substantially justified.
71 P.S. § 2032.

action. *See* 4 Pa.Code §§ 2.5–.7, 2.14. Therefore, as we have held in the past, an applicant seeking the assessment of counsel fees under the Cost Act must first submit an application for fees to the "adjudicative officer" [11] of the agency.[12] *Wertz v. Department of Corrections,* 148 Pa.Commonwealth Ct. 133, 609 A.2d 899 (1992). If dissatisfied with an agency's fee determination, an applicant may petition this Court for leave to appeal. 71 P.S. § 2033(e). Because Norris never applied to the Department for counsel fees, this Court will transfer Norris' application for fees to the Department for consideration under the Cost Act and its accompanying regulations. 42 Pa.C.S. § 5103(a).

This Court may, however, order the Department to pay Norris the costs associated with his appeal, *Matter of Estate of Neiss,* 126 Pa.Commonwealth Ct. 572, 560 A.2d 842 (1989), which in this matter total $470.85. We hold, therefore, that Norris may recover his filing costs in this Court and reproduction costs for copies of his briefs. Pa. R.A.P. 2741(4) and 42 Pa.C.S. § 1726.

Accordingly, we enter the following:

11. "Adjudication officer" is defined by Section 2032 of the Act as:

[T]he deciding official, without regard to whether the official is designated as an administrative law judge, a hearing officer, examiner, referee or otherwise, who presided at the adversary adjudication. 71 P.S. § 2032.
The term is further refined by 4 Pa.Code § 2.12 as:
[t]he final deciding official of an agency, whether designated an administrative law judge, hearing officer, examiner, referee, or otherwise, who is presiding over a proceeding at the time of final disposition. The term may include more than one official, such as a hearing board.

12. On appeal from an agency adjudication federal courts are explicitly authorized to award fees to the same extent as an agency. 28 U.S.C.A. § 2412(d)(3) (West Supp.1993). The language of the Pennsylvania law is less than clear concerning our authority to do so. *See* 71 P.S. § 2033(f). We believe the agency is more expert concerning the reasonable basis of its position and the reasonableness of fees generated in proceedings before it. Moreover, federal courts may decline to exercise their authority under § 2412(d)(3) of the Equal Access to Justice Act and remand fee petitions to the appropriate agency whose expertise in determining justification of an adjudication exceeds that of the court. *See, e.g., Miller v. United States,* 753 F.2d 270 (3d Cir.1985).

## *ORDER*

NOW, October 8, 1993, Norris' petition for attorney fees is transferred to the Department of Revenue for consideration pursuant to its power under the Cost Act, 71 P.S. §§ 2031–2035. Norris' application shall be considered timely, 42 Pa. C.S. § 5103(a), and he shall be granted leave to amend his application to conform to the appropriate forms and regulations.

We further order the Department of Revenue to pay Norris his filing and reproduction costs for his appeal to this Court in the amount of $470.85.