Mario LUDMER

v.

Maurice A. NERNBERG, Jr., Appellant.

Superior Court of Pennsylvania.

Submitted June 11, 1997.

Filed Aug. 20, 1997.

Maurice A. Nernberg, Pittsburgh, for Appellant.

Seymour A. Sikov, Pittsburgh, for Appellee.

Before CIRILLO, JOHNSON and FORD ELLIOTT, JJ.

JOHNSON, Judge.

Maurice A. Nernberg, Jr., appeals from the order that directed him to pay counsel fees. Because we conclude that the trial court did not have the jurisdiction to award counsel fees relating to the time spent in responding to a petition for a writ of certiorari that had been presented to the United States Supreme Court, we reverse.

This case has a lengthy history that does not need to be repeated in full here. Essentially, Nernberg, an attorney, and Mario Ludmer, a physician, have engaged in various litigation following the settlement of a third party's claim for personal injuries sustained in an automobile accident. Ludmer and Nernberg have at various times requested sanctions, one against the other, for interfering with the orderly settlement of this claim. The present appeal has its beginnings in an order issued by the Supreme Court of Pennsylvania on December 4, 1995. That order stated, in pertinent part:

AND NOW, this 4th day of December, 1995, the Emergency Application for Special Relief [filed by Nernberg] is DENIED. [Ludmer's] request for reasonable counsel fees in response to said Application is granted. The matter is remanded to the Trial Court for determination of the amount of counsel fees to be awarded [Ludmer].

Supreme Court Order, December 4, 1995. Ludmer sought counsel fees pursuant to 42 Pa.C.S. § 2503 as sanctions for Nernberg's dilatory, obdurate or vexatious conduct during the pendency of the action and for Nernberg's arbitrary or vexatious filing of the Application for Special Relief. After remand, the trial court determined the amount of counsel fees that were reasonable in relation to Ludmer's counsel's activities concerning the emergency application for

special relief; Nernberg then paid this sum to Ludmer's counsel. However, Nernberg also filed a petition for a writ of certiorari in the United States Supreme Court on January 22, 1996, seeking review of the denial of the emergency application. The United States Supreme Court denied Nernberg's petition on May 28, 1996.

Following the U.S. Supreme Court's denial of certiorari, Ludmer filed a request with the Court of Common Pleas of Allegheny County, the Honorable Gerard M. Bigley, for counsel fees in relation to answering Nernberg's petition for certiorari. Ludmer asserted that these fees could be awarded pursuant to the Supreme Court of Pennsylvania order of December 4, 1995. After a hearing, Judge Bigley ruled that the petition for certiorari was part of the litigation that resulted in the order of December 4, 1995, and he therefore granted Ludmer's request and ordered Nernberg to pay $3,674.76 to Ludmer's counsel. Order, August 27, 1996. This appeal followed.

On appeal, Nernberg asserts that the trial court did not have subject matter jurisdiction to entertain the request for counsel fees relating to Nernberg's petition for certiorari. In addition, Nernberg maintains that the trial court erred by not following the procedure outlined in Rule 206 of the Pennsylvania Rules of Civil Procedure. Lastly, Nernberg contends that the trial judge should have recused himself when presented with Ludmer's request for counsel fees because his prior dealings with the parties caused the judge to be prejudiced against him.

■ Nernberg first contends that the trial court did not have subject matter jurisdiction over Ludmer's request for counsel fees in connection with answering Nernberg's petition for a writ of certiorari to the United States Supreme Court. Nernberg maintains that such a request for counsel fees could only be granted by the United States Supreme Court pursuant to the Supreme Court Rules. In pertinent part, Supreme Court Rule 42 states:

> When a petition for a writ of certiorari, an appeal, or an application for other relief is frivolous, the Court may award the respondent or appellee just damages, and single or double costs under Rule 43.... Sup.Ct.R. 42(2). After reviewing the plain language of this rule, it appears that the Supreme Court of the United States may award damages, including attorney fees, when a petitioner files a frivolous petition or appeal. Nernberg asserts that *only* the Supreme Court may impose such a sanction in connection with a petition filed in the United States Supreme Court. We agree.

■ One of the most fundamental rules used when determining the meaning of a statute or rule is that the court must begin with the plain meaning of the language used in that statute or rule. *See, e.g., United States v. John Doe, Inc. I,* 481 U.S. 102, 107 S.Ct. 1656, 95 L.Ed.2d 94 (1987) (discussing the plain meaning of the word "disclose" in connection with a prohibition on disclosing the content of proceedings before a federal grand jury); *Marek v. Chesny,* 473 U.S. 1, 9, 105 S.Ct. 3012, 3017, 87 L.Ed.2d 1 (1985)("This 'plain meaning' interpretation of the interplay between Rule 68 and § 1988 is the only construction that gives meaning to each word in both Rule 68 and § 1988."); *Chemehuevi Tribe of Indians v. Federal Power Comm'n,* 420 U.S. 395, 400, 95 S.Ct. 1066, 1071, 43 L.Ed.2d 279 (1975) ("Consideration of the Commission's statutory licensing authority under Part I of the Federal Power Act must, of course, begin with the language of the Act itself."); *see also* Pa.R.C.P. 127(b) ("Every rule shall be construed, if possible, to give effect to all its provisions. When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."); 1 Pa.C.S. § 1921 (same wording as that used in Rule 127 with regard to statutory construction).

In this case, the language of the Supreme Court rule refers to "the Court" having the authority to award damages or costs in response to a frivolous petition or appeal. The article "the" is defined as one that "particularizes the subject spoken of," and is contrasted with the indefinite article "a" which is "often used in the sense of 'any.'" Black's Law Dictionary 1, 1324 (5th ed. 1979); *see also* Webster's New College Dictionary 1

(3rd ed. 1996)("*a* connotes a thing not previously noted or recognized, in contrast with *the,* which connotes a thing previously noted or recognized"). Here, the definite article "the" is used immediately before the word "Court," which has a capital "C." A capital letter in this context usually signifies that a proper noun is being used, which further indicates that the reference is to a specific court. *See* Harbrace College Handbook 104–05 (twelfth ed. 1994); Margaret Shertzer, The Elements of Grammar 48 (1986). Moreover, this language is found in the codification of the Supreme Court Rules, a tome only pertinent to proceedings before the United States Supreme Court. Thus, "this Court" is clearly a specific reference to the United States Supreme Court, and the plain meaning of the language used supports the inference that *only* the United States Supreme Court may impose the sanctions for the filing of frivolous petitions in that Court.

However, our analysis of this issue is not limited to a review of the language of the rule itself. Although we have been unable to find a case directly analogous to the instant case, where a state court has awarded counsel fees under a state statute in connection with work performed before the United States Supreme Court, we have discovered two federal cases that are illuminating to our determination of the issue.

In *Flip Side Productions, Inc. v. Jam Productions, Ltd.,* 843 F.2d 1024 (7th Cir. 1988), the United States Court of Appeals for the Seventh Circuit considered whether the district court could award counsel fees as a sanction for filing a frivolous appeal. Flip Side Productions, Inc. ("Flip Side") had filed an action in district court alleging that Jam Productions ("Jam") had violated the Sherman Act by entering into exclusive contracts with concert facilities in the Chicago area for booking and promoting rock concerts. Jam then filed a counterclaim, a so-called "mirror image" of Flip Side's complaint. At the close of the discovery process, both sides submitted motions for summary judgment. The district court then granted summary judgment in Jam's favor. The district court further awarded counsel fees against Flip Side for those fees incurred in preparing material

after discovery was closed. The district court included in its calculation certain fees that had arisen from a prior appeal to the Court of Appeals. *Id.* at 1037. The Court of Appeals struck that portion of the award that related to the prior appeal. In doing so, the court analyzed the Federal Rules of Appellate Procedure. The Court of Appeals held that "the district court is not empowered to award fees for proceedings before this court.... However, this court is free to impose sanctions on those who abuse the appellate procedure." *Id.*

Similarly, in a recent decision from the United States District Court for the Eastern District of Pennsylvania, the court addressed the issue of awarding attorney fees for matters that had occurred before another court. In *Raymark Industries, Inc. v. Baron,* No. CIV. 96–7625, 1997 WL 359333 (E.D.Pa. June 23, 1997), Baron had initially petitioned the bankruptcy court to initiate involuntary bankruptcy proceedings against Raymark Industries, Inc. The bankruptcy court subsequently dismissed the involuntary petition. Raymark then sued for damages in the district court, alleging that the involuntary bankruptcy petitions were wrongfully filed. Raymark sought to recover its attorneys' fees for work that arose in connection with defending the bankruptcy court proceedings. The district court analyzed section 303(i) of the Bankruptcy Code, which authorizes attorneys' fees for the wrongful filing of an involuntary petition. In discussing this section of the code, the district court stated that "the same court that dismisses the petition is the court that can award damages. Subsection (i) was not meant to be utilized by any other judge." *Id.* at *5. Moreover, under another alleged avenue to support the award of attorney fees, the District Court held that "a judge cannot impose sanctions pursuant to [28 U.S.C.] § 1927 for conduct that did not occur as part of the proceedings in front of that judge." *Id.* at *6.

Finally, Raymark had requested attorneys' fees pursuant to 42 Pa.C.S. § 2503(7) and § 2503(9), the same sections of the Pennsylvania Consolidated Statutes that Ludmer argues apply in this case. In *Raymark,* the district court noted that "the statute itself

provides for fees for conduct that occurred 'during the pendency of a matter' and 'in commencing the matter.' 42 Pa.C.S.A. § 2503(7) and (9)." *Id.* at *10. Further, " 'matter' within the meaning of § 2503(7) and (9) applies 'only to those matters pending or commencing in a court of the unified judicial system of this Commonwealth.' " *Id.*, citing *Commonwealth Dept. of Transp. v. Smith*, 145 Pa.Cmwlth. 164, , 602 A.2d 499, 503 (1992). Therefore, any fees alleged to be proper under the Pennsylvania provisions for vexatious or dilatory conduct were only recoverable in Pennsylvania courts; the fees recoverable under this section were not available in regard to matters pending in the bankruptcy court or the district court. *Id.*

We are persuaded that the analysis of *Flip Side Productions* and *Raymark Industries* is correct. We therefore hold that a Pennsylvania Common Pleas Court judge does not have jurisdiction to award counsel fees under 42 Pa.C.S. § 2503(7) or (9) in relation to proceedings that took place before the United States Supreme Court. Only the Court before which the alleged frivolous appeal was filed, or the alleged dilatory or vexatious conduct occurred, may award fees as a sanction for such behavior.

■ Our analysis is further strengthened by the recognition of our well-established traditions relating to the principles of federalism. State courts possess no authority over the Federal court system. As the United States Supreme Court stated in 1878:

> The Federal courts are instruments competently created by the nation for national purposes. The States can exercise no power over them or their proceedings, except so far as Congress shall allow.

*United States v. Thompson*, 98 U.S. 486, 490, 25 L.Ed. 194 (1878). Thus, because the federal proceeding is the sole avenue for the attainment of the requested sanction of counsel fees, as it is in this case, the state court is powerless to issue the requested award.

In conclusion, we hold that the Court of Common Pleas does not have jurisdiction over a claim that results from the filing of a petition for a writ of certiorari in the United States Supreme Court. Following basic principles of statutory construction and federalism, we conclude that only the United States Supreme Court may award the requested fees. Accordingly, we must reverse the trial court's order that awards these fees in this case.

Because of our resolution of Nernberg's first issue, we need not reach the merits of his remaining issues.

The order that awarded counsel fees in connection with the filing of a petition for a writ of certiorari in the United States Supreme Court is hereby **REVERSED**.