**White v. Center Point Farm Homeowners Assoc.**

C.P. of Montgomery County, no. 1169 EDA 2010.

*Joseph Zaffarese*, for plaintiffs.
*Hal A. Barrow*, for defendants.

TILSON, *J.*, May 27, 2010—Clarence E. White and Barbara White h/w (appellants) appeal this court's order dated March 30, 2010, granting Center Point Farm Homeowners Association's (appellee) petition for attorney fees filed September 29, 2009 and awarding the amount of $32,390.29 in favor of appellee and against appellants, to be paid within thirty (30) days of the date of the order.

On August 20, 2003, appellants filed a complaint against appellee and neighboring unit owners, Dale and Carol McClain. Appellee is a Unit Owners Association created by the recording of a declaration on April 30, 1996. Appellants' complaint contained three counts: (1) declaratory judgment nullifying the fifth amendment to the declaration; (2) a mandatory injunction directing the removal of landscaping from the McClains' property; and (3) monetary damages in excess of $50,000 alleging that the appellee breached a fiduciary duty owed to appellant. The McClains counterclaimed for injunctive relief in the form of ejectment with respect to the alleged encroachment of the appellant's driveway over their property line, and the McClains also filed a cross-claim against appellee. A bench trial was held in December 2007 before the Honorable S. Gerald Corso, who granted judgment in favor of the appellee on all of the appellants' claims. In the court's conclusions of law, Judge Corso stated, "the Homeowners' Association is entitled to recover attorneys'

fees and costs from plaintiffs pursuant to section 14.17E of the declaration." On June 18, 2008, appellants appealed this court's decision to the Superior Court raising the issue of the attorney fees and costs, and the Superior Court affirmed this court's order. Appellants filed an untimely petition for allowance of appeal to the Supreme Court,but this was withdrawn by appellants. On September 29, 2009, appellee filed a petition for attorney fees, seeking fees and costs in the amount of $35,699.72. On February 23, 2010, oral argument was held on appellee's petition for attorney fees. On March 30, 2010, this court entered the order granting appellee's petition, and from which appellants now appeal. On April 7, 2010, a praecipe for judgment was filed by appellee which requests that judgment be entered in favor of appellee and against appellants in the amount of $32,390.29. On April 29, 2010, appellants filed a notice of appeal of the order dated March 30, 2010.

## ISSUES

Appellants filed the instant appeal on April 29, 2010 and raised the following issues in their concise statement of matters complained of on appeal filed May 20, 2010:

1. Whether the trial court abused its discretion in awarding attorney's fees absent a full hearing as to the legitimacy of the fees.

2. Whether the trial court abused its discretion in awarding attorney's fees where all legal fees were paid by a third party insurance company and no actual fees were incurred by the association.

## STANDARD OF REVIEW

Generally, there can be no recovery for counsel fees from adverse parties in the absence of either an express statutory allowance or a clear agreement by the parties. *Com., Dept.*

*of Transp., Bureau of Driver Licensing v. Smith*, 602 A.2d 499 (Pa. Commw 1992). The reasonableness of attorney's fees is a matter to be decided by the sound discretion of the trial court, and an appellate court should not alter such a decision unless there has been a clear abuse of discretion. *Borough of Bradford Woods v. Platts*, 799 A.2d 984 (Pa. Commw. Ct. 2002).

## ANALYSIS

First, appellant contends that the trial court abused its discretion in awarding attorney's fees absent a full hearing as to the legitimacy of the fees. This court heard oral argument on whether appellee's petition for attorney's fees should be granted, and this court determined that attorney fees should be awarded based on this court's conclusions of law, in which Judge Corso stated after a trial on the merits of this matter that, "the Homeowners' Association is entitled to recover attorneys' fees and costs from plaintiffs pursuant to section 14.17E of the declaration." This court also heard oral argument on the reasonableness of appellee's attorneys' fees, and determined that the amount of $32,390.29 was reasonable attorneys' fees. Pursuant to the declaration and Judge Corso's order, there was no issue as to whether appellee was entitled to attorney's fees. The only remaining issue pertained to the amount of reasonable attorney's fees.

Although there was no record from this proceeding, appellant's counsel stated during oral argument that appellant did not have a problem with appellee's counsel's hourly rate, but with the allocation of costs for appellant's claims versus the McClains' cross claims. Appellee's counsel replied that the costs related to the McClains' cross claim were $496.00. This court determined that since appellant's did not take issue with appellee's counsel's

hourly rate and the costs related to the McClains' cross claim were minimal in comparison, that this court could rely on appellee's counsel's verified statement of attorney's fees with dates and the invoices related to this matter, as well as a supplemental statement of fees in rendering a decision.

It is important to note that appellee's counsel submitted a verified statement, which sets forth the legal fees and expenses prior to the filing of appellee's petition. Appellee's counsel included bills and fees to the Sugarman firm. Appellee's counsel claims that at his request the Sugarman firm reviewed the petition for attorneys fees in order to express their opinion about the request for reimbursement. The verified statement provided the following fees:

$30842.30 legal fees

$1547.99 expenses

$808.98 to Sugarman law firm for expert opinion

$33199.27 Total

At the oral argument on the petition, appellee's counsel submitted a revised verified statement and a supplement verified statement, which accounts for costs incurred after the filing of this petition and a revised amount to the Sugarman firm:

$1794.50 legal fees after the filing of the petition

$75.90 expenses after the filing of the petition

$2088.60 to Sugarman law firm for expert opinion

$3959.00 Total

It was unclear from appellee's verified statements whether appellee was requesting both the $808.98 and $2088.60 to the Sugarman firm, or if the $2088.60 amount

is a revised amount. No one from the Sugarman firm was at the argument, and there was no argument or testimony from the Sugarman firm that their fees are reasonable. Therefore, this court decided that the fees to the Sugarman firm were not reasonable and these fees were excluded. This court also determined that it was not reasonable to include the legal fees and expenses incurred after the filing of the petition, because there was no basis for these fees. The attorneys' fees that appellee was entitled to were for the defense of appellant's claim in the complaint. Removing the fees to the Sugarman firm and the fees incurred after the filing of appellee's petition for attorney's fees, this court determined that $32,390.29 was the reasonable amount of attorneys' fees to be awarded.

Second, appellant contends that the trial court abused its discretion in awarding attorneys' fees where all legal fees were paid by a third party insurance company and no actual fees were incurred by the association. This court determined that appellee incurred attorneys' fees, despite any payment by a third party insurance company. The court relied on *Ed. A. Wilson, Inc. v. General Services Admin.*, 126 F.3d 1406 (C.A. Fed. 1997), cited by appellee. Although the case is factually distinguished, the court found that "It is well-settled that an award of attorney fees is not necessarily contingent upon an obligation to pay counsel. Generally, 'awards of attorneys' fees where otherwise authorized are not obviated by the fact that individual plaintiffs are not obligated to compensate their counsel. The presence of an attorney-client relationship suffices to entitle prevailing litigants to receive fee awards.' *Ed A. Wilson, Inc. v. General Services Admin.*, 126 F.3d 1406, 1409 (C.A. Fed. 1997); *Rodriguez v. Taylor*, 569 F.2d

1231, 1245 (3d Cir.1977).[1] In *Ed A. Wilson, Inc. v. General Services Admin*, the court explained that the litigant (either the union member or the insured) pays a third party (the union or the insurer) for certain benefits. Among these benefits is legal representation for which the litigant will incur no additional obligation of payment to counsel. In this regard, both the union employee and the insured can be viewed as having incurred legal fees insofar as they have paid for legal services in advance as a component of the union dues or insurance premiums." *Ed A. Wilson, Inc. v. General Services Admin.*, 126 F.3d at 1409-1410. Based upon case law, the fact that appellee did incur attorneys' fees for this instant matter, regardless whether those fees were in fact paid for by an insurance company, and Judge Corso's order that, "the Homeowners' Association is entitled to recover attorneys' fees and costs from plaintiffs pursuant to section 14.17E of the declaration," this court determined that appellee was entitled to attorneys' fees.

## CONCLUSION

For the reasons set forth above, this court's order dated March 30, 2010 should be affirmed.

---

1.   It is necessary to note that Rodriguez v. Taylor, 569 F.2d 1231, 1245 (3d Cir. 1977) was overruled for other reasons not relating to attorneys fees.