**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1766
_____

HASKELL OFFICE LLC

v.

MOORECO, INC.
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-21-cv-02533)
District Judge: Honorable Chad F. Kenney
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 26, 2024

Before: RESTREPO, MATEY, and McKEE, *Circuit Judges*.

(Filed: August 23, 2024)
_____

OPINION*
_____

---

*This disposition is not an opinion of the full Court and, under I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge*.

Haskell sued its competitor MooreCo claiming trademark violations but later voluntarily dismissed the action. Now, MooreCo demands fees and costs both under the Lanham Act and an agreement the parties signed years before litigation began. The District Court denied MooreCo's motion and, finding no error, we will affirm.

## I.

MooreCo, Inc. and Haskell Office, LLC both "manufacture and sell educational and office furniture," including whiteboards. *Haskell Off., LLC v. MooreCo, Inc.*, No. 21-2533, 2023 WL 2601181, at *1 (E.D. Pa. Mar. 22, 2023). In 2018, Haskell explored being acquired by a competitor, and one of the candidates was MooreCo. MooreCo signed a confidentiality agreement ("Agreement") protecting information shared during the diligence period. Ultimately, the acquisition never occurred.

In June 2021, Haskell sued MooreCo for trade dress infringement and unfair competition, with a later-added claim of reverse passing off. In March 2022, Haskell amended the operative Complaint again, adding a breach of contract claim based on the Agreement.

After a few months of discovery, Haskell wanted out of the now-contentious litigation. It tried to stipulate to dismissal with MooreCo but ultimately dismissed its own claims with prejudice. MooreCo, claiming victory, then sought reimbursement for the roughly $950,000 in legal costs quoted by its outside counsel relying on the Lanham Act

and the fee-shifting provision of the Agreement.[1] The District Court denied that motion, and MooreCo appeals.[2]

## II.

Attorney fees are generally not recoverable by a prevailing party unless a statute expressly permits them or a contractual provision between the parties provides for them. *See Commw. Dep't of Transp., Bureau of Driver Licensing v. Smith*, 602 A.2d 499, 501 (Pa. Commw. 1992). MooreCo argues that it can recoup fees and costs under both the Lanham Act's and the Agreement's fee-shifting provisions.

## A.

Section 35(a) of the Lanham Act allows an award of "reasonable attorney fees to the prevailing party" "in exceptional cases." 15 U.S.C. § 1117(a). Whether a case is "exceptional" turns on the "totality of the circumstances," *Lontex Corp. v. Nike, Inc.*, 107 F.4th 139, 156–57 (3d Cir. 2024) (citation omitted), including "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence," *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994) (quotation marks

---

[1] MooreCo's motion also relied on 28 U.S.C. § 1927 for fee collection, but it did not brief that argument on appeal.

[2] The District Court had jurisdiction under 28 U.S.C. §§ 1331, 1338, and 1367. We have jurisdiction under 28 U.S.C. § 1291.

We review for abuse of discretion a denial of attorney fees. *See Raab v. City of Ocean City*, 833 F.3d 286, 292 (3d Cir. 2016). And we review *de novo* the interpretation of a contract's legal operation. *See Wayne Land & Mineral Grp. LLC v. Del. River Basin Comm'n*, 894 F.3d 509, 528 (3d Cir. 2018). We may affirm for any basis supported by the record. *See TD Bank N.A. v. Hill*, 928 F.3d 259, 270 (3d Cir. 2019).

and citation omitted). We particularly focus on whether there is a "discrepancy in the merits of the positions taken by the parties" or if the non-prevailing party litigated in an "unreasonable manner." *Fair Wind Sailing, Inc. v. Dempster,* 764 F.3d 303, 315 (3d Cir. 2014).

"[A]fter presiding over this case" from the beginning, the District Court was "not persuaded that Haskell engaged in baseless litigation" or "litigate[d] the case in an unreasonable manner." *Haskell Off.*, 2023 WL 2601181, at \*4. Haskell hired an expert to conduct pre-litigation surveys to support its claims, providing a good-faith basis for them. Indeed, MooreCo's counsel admitted that MooreCo copied aspects of Haskell's designs. And Haskell's case was not frivolous or baseless just because it ultimately lost, otherwise, a prevailing party would always be due an award of attorney fees under the Act. MooreCo argues that the District Court discounted Haskell's litigation conduct, but when Haskell said the same things about MooreCo, MooreCo labelled the statements "personal attacks." Opening Br. 50–51. The District Court was in the best position to sort out the slings and arrows, and we see no abuse of discretion in its conclusion that this case was not exceptional.

**B.**

MooreCo also claims that it is owed attorney fees under the Agreement's fee-shifting provision.[3] The provision states that if, by October 16, 2021[4]:

> [A]ny action, proceeding, or arbitration arising out of or relating to this Confidentiality Agreement is commenced by either [party], the prevailing party shall be entitled to recover from the other party, . . . reasonable attorneys' fees, costs, and expenses incurred by such prevailing party.

App. 126.

To "commence" means to "begin" or "start." Merriam-Webster's Dictionary, *Commence*, https://www.merriam-webster.com/dictionary/commence (last accessed Aug. 7, 2024). When this suit commenced in 2021, it was based on Lanham Act claims and their common law counterparts. Not the Agreement. It was not until nearly nine months later that the claim based on contractual breach of the Agreement was added through amendment.

While amended complaints relate back to the date the action was originally filed, *see* Fed. R. Civ. P. 15(c)(1)(B), we decline to import a legal term of art from federal civil procedure into a contract based in state law. The plain meaning of the contract's term will suffice. And while Haskell did not add a new "cause of action" when it amended its suit,

---

[3] The Agreement contains a Pennsylvania choice-of-law and forum-selection provision. Under Pennsylvania law, contracts are interpreted by giving effect to the parties' intent, *Murphy v. Duquesne Univ. of the Holy Ghost,* 777 A.2d 418, 429 (Pa. 2001), which is "ascertained from the document itself," *Ins. Adjustment Bureau, Inc. v. Allstate Ins. Co.,* 905 A.2d 462, 481 (Pa. 2006) (citation omitted).

[4] Three years from the signing of the agreement.

*see* Fed. R. Civ. P. 3, an "action" under the Agreement is different from the legal term of art "cause of action" for the same reasons.[5]

\* \* \* \*

The District Court did not err in denying MooreCo's motion for attorney fees, so we will affirm.

---

[5] Even if MooreCo *could* collect fees, it could only do so after "incurr[ing]" them. App. 126. But, MooreCo has not shown that it paid anything to its attorneys, instead relying on promises that it *will* pay, and submissions to the District Court from its counsel, including "timesheets with errors and superfluous entries that would not be proper to send to a client for billing purposes." *Id.* But only a "prevailing party" can seek incurred costs under the Agreement, App. 126, not their attorneys.