625 A.2d 1339

COMMONWEALTH of Pennsylvania, DEPARTMENT
OF TRANSPORTATION, BUREAU OF DRIVER
LICENSING, Appellant,

v.

Stephen T. HRUSKA, Jr., Appellee.

COMMONWEALTH of Pennsylvania, DEPARTMENT
OF TRANSPORTATION, BUREAU OF DRIVER
LICENSING, Appellant,

v.

John Michael CERVENAK, Appellee.

COMMONWEALTH of Pennsylvania, DEPARTMENT
OF TRANSPORTATION, BUREAU OF DRIVER
LICENSING, Appellant,

v.

Travis W. McDONOUGH, Appellee.

COMMONWEALTH of Pennsylvania, DEPARTMENT
OF TRANSPORTATION, BUREAU OF DRIVER
LICENSING, Appellant,

v.

Michael Edward EISEMAN, Appellee.

COMMONWEALTH of Pennsylvania, DEPARTMENT
OF TRANSPORTATION, BUREAU OF DRIVER
LICENSING, Appellant,

v.

Sean P. McDONOUGH, Appellee.

Commonwealth Court of Pennsylvania.

Argued March 4, 1993.

Decided May 27, 1993.

140

Harold H. Cramer, for appellant.

Robert N. Pierce, Jr., for appellees.

Before McGINLEY and PELLEGRINI, JJ., and NARICK, Senior Judge.

McGINLEY, Judge.

The Department of Transportation, Bureau of Driver Licensing (Department) appeals from an order of the Court of

Common Pleas of Allegheny County (common pleas court) that sustained the appeals of Stephen T. Hruska, Jr., John Michael Cervenak, Travis W. McDonough, Michael Eiseman and Sean P. McDonough (collectively, Appellees) from notices of suspension of their driver's operating privileges and imposed costs and counsel fees on the Department.

Each of the Appellees was cited on April 7, 1991, for violating 18 Pa.C.S. § 6308, prohibiting consumption of alcoholic beverages by minors, and was subsequently summarily convicted of that offense on May 29, 1991, before a district justice. On May 30, 1991, pursuant to 18 Pa.C.S. § 6310.4(a), the district justice forwarded reports of Appellees' convictions to the Department and ordered the Department to suspend each of Appellees' operating privileges.

The Department complied with the orders received from the district justice and suspended each of Appellees' operating privileges for 90 days by official notice dated and mailed June 17, 1991. Prior to this date, each of the Appellees had filed appeals of his initial summary conviction, and on June 27, 1991, each of the Appellees was found not guilty of violating 18 Pa.C.S. § 6308.[1] On June 28, 1991, Appellees, through their counsel, contacted the Department to advise it of the dismissal of the underaged drinking conviction.

On July 15, 1991, Appellees each filed separate appeals in the common pleas court, requesting that the court grant a *de novo* hearing to determine the validity of Appellees' license suspension, and further requesting an award of counsel fees and costs for the Department's alleged arbitrary and capricious action in imposing license suspensions on Appellees before their appeals were heard and in refusing to rescind the suspension once Appellees' convictions were overturned. Appellees received a hearing on September 18, 1991, at which the Department's trial counsel agreed that the Appellees' appeals should be sustained but argued against imposition of fees and costs. At the hearing, the common pleas court judge sustained each of the Appellees' appeals and granted their appli-

---

1. The Appellees were found guilty of disorderly conduct under 18 Pa.C.S. § 5503.

cations for costs and counsel fees. Orders were entered to this effect on October 15, 1991. It is from these orders that the Department appeals.

## Counsel Fees

■■■■ The burden of proving entitlement to counsel fees is on the party claiming entitlement; however, a trial court's determination regarding the award of counsel fees will not be reversed on appeal if the findings are supported on the record, in the absence of an abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Smith,* 145 Pa.Commonwealth Ct. 164, 168, 602 A.2d 499, 501 (1992). The Department contends that the common pleas court abused its discretion in awarding counsel fees in the absence of any grant of authority authorizing it to do so in the present circumstances.

■■■■ The customarily applied "American rule" is that there can be no recovery of counsel fees from an adverse party in the absence of express statutory allowance of attorney's fees or a clear contractual agreement of the parties, or some other established exception permitting attorney's fees in a given situation. *Smith,* 145 Pa.Commonwealth Ct. at 168, 602 A.2d at 501. The Department contends that no authority for imposition of fees exists in this case.

Appellees contend that the common pleas court possessed the authority to impose counsel fees by virtue of Section 2503 of the Judicial Code, 42 Pa.C.S. § 2503. Section 2503 provides ten specifically enumerated instances where a common pleas court may award counsel fees. It is Appellees' contention that the common pleas court's grant of counsel fees was justified by the provisions of subsections (7) and (9) of Section 2503, which provide that the following parties shall be eligible for counsel fees:

(7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct *during the pendency of a matter.* (Emphasis added.)

. . . .

(9) Any participant who is awarded counsel fees because the conduct of the other party in *commencing the matter or otherwise* was arbitrary, vexatious or in bad faith. (Emphasis added.)

Appellees allege that the Department's conduct in this matter was obdurate, vexatious, and in bad faith because the Department did not lift the suspensions, even though it had notice that Appellees appealed their convictions, and also because the Department forced Appellees to proceed to a hearing after being notified that Appellees' underlying convictions had been overturned.

We agree with the Department that subsection (7) of Section 2503 does not entitle Appellees to counsel fees. The Department did not engage in dilatory, obdurate, or vexatious conduct because it did not lift Appellees' license suspensions when Appellees notified it of their appeals of the underlying criminal convictions. The Department's conduct in this matter was proper because when a motorist takes a summary criminal appeal from a district justice conviction the Department is not relieved from the statutory duty of imposing penalties required by the underlying conviction. *Budjnoski v. Department of Transportation, Bureau of Traffic Safety*, 130 Pa.Commonwealth Ct. 27, 566 A.2d 936 (1983). In any case, no conduct of the Department's before July 15, 1991, serves as a basis for imposition of counsel fees. July 15, 1991, is the date Appellees filed their statutory appeals with copies of the orders sustaining their summary criminal appeals. There was no other way for the Department to know of the disposition of the Appellee's summary criminal appeals, which did not occur until June 27, 1991, ten days after the Department issued the relevant notices of suspension. Secondly, the record does not reveal, and Appellees do not allege, that the Department engaged in any dilatory, obdurate, or vexatious behavior *after* Appellees appealed their license suspensions. The Department simply allowed the appeal to proceed to a hearing at which it offered no contest.

■ Subsection (9) of Section 2503 also provides no basis for imposition of counsel fees. The Department did not "commence" the matter, and again, there is no evidence that its conduct was arbitrary, vexatious or in bad faith. Appellees seem to allege that the Department's conduct in allowing this matter to go to a hearing was not in their own best interests as it required them to engage the service of their attorney for a longer period of time. Even if true, this is not a basis to award attorneys fees.

■ And we are unpersuaded by Appellees' constitutional argument. Appellees contend that Article 1, Section 11 of the Pennsylvania Constitution, requiring that every person who finds it necessary to appear in the courts of Pennsylvania have "justice administered without sale, denial, or delay," will be violated if the Department is permitted to force motorists to "repurchase" operating privileges in uncontested suits. This is not a situation, however, where Appellees were required to purchase justice. Because Appellees hired legal representation, they must foot the bill; this does not violate the State constitution, nor does it amount to a violation of due process.

### Costs

As the Supreme Court has not promulgated rules governing the imposition and taxation of costs in the common pleas courts the courts of common pleas retain the right to adopt local rules governing taxation of costs in statutory appeals. *Smith*, 145 Pa.Commonwealth Ct. at 175, 602 A.2d at 504–05. Because all parties agree that Allegheny County has no such rule costs may not be imposed. In *Smith*, we recognized that courts of common pleas by local rule may impose costs, but where no local rule has been promulgated such an award is unauthorized. We must vacate the award of costs.

### ORDER

AND NOW, this 27th day of May, 1993, the orders of the Court of Common Pleas of Allegheny County are reversed to the extent that they award counsel fees to appellees. The

146

orders are vacated to the extent that they award costs. The orders are affirmed in their other respects.

PELLEGRINI, J., concurs in the result only.